# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

| | |
|---|---|
| MIGUEL CARLOS PATRICIO,<br>　　　　Plaintiff,<br>　v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　Defendant. | Case No. 18-cv-02896-RMI<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 22, 23, 24 |

Plaintiff, Miguel Carlos Patricio, seeks judicial review of an administrative law judge ("ALJ") decision denying his application for benefits under Title XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council, thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 3 & 12), and both parties have moved for summary judgment (dkts. 22, 23 & 34).[1] For the reasons stated below, the court will grant Plaintiff's amended motion for summary judgment and will deny Defendant's motion for summary judgment.

## LEGAL STANDARD

Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

---

[1] Plaintiff filed a Motion for Summary Judgment (dkt. 22) and an Amended Motion (dkt. 23).

error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff initially filed applications for Title XVI benefits, which were denied at hearings on March 5, 2010, and on November 29, 2012. *See Administrative Record "AR"[2]* at 50 & 60. On June 25, 2013, Plaintiff filed another application for benefits alleging an onset date of December 1, 2012. *AR* at 20. The ALJ denied the application on February 7, 2017, finding that Plaintiff had not sufficiently rebutted the presumption of continuing non-disability pursuant to Social Security Acquiescence Ruling (AR) 97-4(9) and *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). *Id*. at 20-27. The Appeals Council denied Plaintiff's request for review on March 19, 2018. *Id*. at 1-6.

## SUMMARY OF THE RELEVANT EVIDENCE

When he filed his most recent application for benefits, Plaintiff was 49 years old and had suffered chronic homelessness for the previous 20 years. *AR* at 20 & 482. In his application for disability, Plaintiff alleged that he suffered from the following physical and mental impairments: back and neck pain, fibromyalgia, hernia, kidney problems, cyst in kidney, migraines, chemical sensitivity, neurological problems, anxiety, depression, Somatic Symptom Disorder, and Personality Disorder. *Id*. at 20, 97-101, 108-13, 216-28, 182-92, 241, 269, 426-27, 482. Plaintiff presented many of these impairments at a hearing before an ALJ in support of his application for benefits in 2012, following which the ALJ issued an unfavorable decision that included a finding

---

[2] The *AR* is independently paginated and is generally filed along with the Answer. *See* (dkt. 18).

2

that Plaintiff suffered the following severe impairments: degenerative disc disease, degenerative joint disease, a major depressive disorder, and marijuana dependence. *Id*. at 53.

After that hearing, Plaintiff filed a new application for benefits, in which he presented new evidence in support of the additional impairments of an anxiety disorder, Somatic Symptom Disorder, and Personality Disorder. Specifically, in April of 2014, agency examiner Jodi D. Snyder, PsyD, diagnosed Plaintiff with Depressive Disorder, Major Depressive Disorder, Anxiety Disorder, and GAD. *Id*. at 427. On August 27, 2014, Plaintiff was examined by Elizabeth Walser, MSW, Psy.D. and Lesleigh Franklin, PhD, who diagnosed Plaintiff with Major Depressive Disorder, without Psychotic Features; Somatic Symptom Disorder, Persistent, Severe; Other Specified Personality Disorder, with Mixed Personality Features; and Allergies, Unspecified. *Id*. at 488. Dr. Franklin prescribed Baclofen for muscle spasms, Amitriptyline for depression and pain, Loratadine for allergies, Montelukast for bronchoconstriction, Fluticasone nasal spray, and Ibuprofen for pain. *Id*. at 483.

### THE FIVE-STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five-step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation process. *AR* at 20-27. At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. *AR* at 22.

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease; degenerative joint disease; affective disorders diagnosed as a depressive disorder and anxiety disorder. *AR* at 23.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. *AR* at 23. Next, the ALJ determined that Plaintiff retained the RFC "to perform light work . . . with occasional bilateral overhead reaching," with an ability to "perform simple routine tasks equating to unskilled work with occasional public contact." *Id*. at 24.

At Step Four, the ALJ determined that Plaintiff had no past relevant work, but upon considering Plaintiff's age, education, work experience and RFC, and with the aid of the Medical-Vocational Guidelines, the ALJ determined that Plaintiff could perform some "jobs that exist in significant numbers in the national economy." *Id*. at 26. Thus, the ALJ found that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, at any time since June 25, 2013, the date on which the application was filed." *Id*. at 27.

**ISSUES PRESENTED**

Plaintiff presents nine questions for this court's review: "(1) Was the ALJ's finding that Plaintiff did not rebut a presumption of non-disability based on substantial evidence?"; (2) "Did the ALJ err in ignoring Somatic Symptom Disorder and Personality Disorder?"; (3) "Did the ALJ

4

1  fail to evaluate Plaintiff's Anxiety Disorder?"; (4) "Did the ALJ err by failing to evaluate
2  Plaintiff's impairments in combination?"; (5) "Was the ALJ's rejection of the examining and
3  treating source medical opinions based on substantial evidence?"; (6) "Did the ALJ err in
4  evaluating Plaintiff's credibility?"; (7) "Was the ALJ's residual functional capacity finding based
5  on substantial evidence?"; (8) "Did the ALJ err by failing to consult a vocational expert?"; and (9)
6  "Should the Court remand for payment of benefits or further proceedings?"

## DISCUSSION

Many, if not all, of Plaintiff's arguments in support of reversal are related or otherwise affected by the first issue presented; the ALJ's finding that Plaintiff did not rebut the presumption of non-disability. "A prior administrative finding of non-disability gives rise to a presumption of continuing non-disability that can only be overcome if the claimant proves 'changed circumstances' indicating a more severe condition." *Johnson v. Berryhill*, No. 16-CV-01332-JCS, 2017 WL 3670025, at *16 (N.D. Cal. Aug. 24, 2017) (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988)). "Similarly, 'a previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some *res judicata* consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge.'" *Id*. (quoting *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (applying *Chavez*, 844 F.2d at 694)). This is what is commonly referred to as the *Chavez* presumption. *See Chavez*, 844 F.2d at 693 ("The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability."); *see also*, Social Security Acquiescence Ruling 97-4(9). In the present case, the ALJ determined that Plaintiff had not sufficiently rebutted the presumption of continuing non-disability that attached to his unsuccessful application in 2012. *AR* at 20.

Plaintiff contends that this was error because "the ALJ fail[ed] to note that, in addition to a change of age category, the Plaintiff had also been diagnosed with additional mental impairments since the prior ALJ decision, including anxiety disorder, somatic symptom disorder and personality disorder." Pl.'s Am. Mot. (dkt. 23) at 8. While the ALJ did find Plaintiff's anxiety

disorder to be a severe impairment, the ALJ makes no mention of Plaintiff's diagnoses of somatic symptom disorder and personality disorder. Indeed, the ALJ stated that "[t]he above impairments are the same impairments found to be severe in the most recent ALJ decision, with the exception of marijuana dependence," even though the previous ALJ decision did not mention an anxiety disorder. *AR* at 23. Thus, the ALJ's decision finds an additional impairment, fails to address two new diagnoses, and then incorrectly states that the current severe impairments are the same as the previously found severe impairments.

The Commissioner addresses this by conceding that "the addition of an additional severe impairment would constitute changed circumstances under *Chavez* and AR 47-4(9)," but offers that "any error in applying the continuing non-disability presumption is harmless because the ALJ properly considered Plaintiff's anxiety disorder in the new decision." Def.'s Mot. (dkt. 34) at 3. The Commissioner does not point the court to any passage reflecting the ALJ's consideration of Plaintiff's anxiety disorder. Instead, the Commissioner argues "that while the ALJ found a severe impairment of affective disorders as depressive disorder and anxiety disorder – the previous ALJ found severe impairments of depressive disorder without psychotic symptoms," that "Plaintiff's anxiety is indeed related to his affective disorder of depression," and that "[t]here is no significant difference with Plaintiff's anxiety and depression from the prior decision to warrant changed circumstances." *Id*. Thus, on the one hand the Commissioner admits that an additional severe impairment would constitute "changed circumstances" under *Chavez*, while asserting that any error is harmless because the ALJ addressed the additional impairment in his decision, while on the other hand, the Commissioner argues that the additional severe impairment provides no significant difference to warrant "changed circumstances."

The first question before the court is whether Plaintiff established "changed circumstances" indicating a greater disability. "The presumption of non-disability does not apply if the claimant proves 'a change in the claimant's age category . . . an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability.'" *Regina B. v. Berryhill*, No. CV 16-5096-SP, 2019 WL 1242839, at *3 (C.D. Cal. Mar. 15, 2019) (quoting SSAR 97-4(9)). Accordingly, the finding of an additional severe

impairment was a "changed circumstance," which means that the ALJ erred in failing to find that Plaintiff rebutted the non-disability presumption. The Commissioner's argument that there is no difference between the previous ALJ's finding of only depressive disorder and the current ALJ's finding of a depressive disorder and anxiety disorder because they are "related" is unavailing. Plaintiff presented new evidence of an anxiety disorder, including evidence from Drs. Franklin and Walser, as well as the findings by consultative examiner Dr. Snyder. Indeed, as stated above, the ALJ specifically mentioned Dr. Snyder's diagnosis of an anxiety disorder. *AR* at 25. That the anxiety disorder was significant and distinct is evident by the ALJ finding it to be a separate severe impairment and discussing it as a separate diagnosis, stating: "Dr. Snyder diagnosed depressive disorder and an anxiety disorder."[3] *Id*. Whether or not Plaintiff's disorders are related in that they stem from the same circumstances or other impairments, they are separate and distinct disorders that were determined to be severe and should have been evaluated individually and in combination with Plaintiff's other impairments.

The ALJ's error was not harmless because the application of the presumption of non-disability improperly affected the formulation of the RFC. In making the RFC determination, the ALJ specifically stated that "[i]n sum, the above [RFC] assessment is supported by the relevant factors, the *Chavez* presumptions and the weight of the evidence now of record." *Id.* at 26. That application of the *Chavez* presumption permeates the ALJ's RFC determination. For example, the ALJ rejected the opinion of Drs. Franklin and Walser in favor of the opinion of Dr. Snyder "to the extent consistent with the record as a whole and with the residual functional capacity found here in *and by the prior ALJ*." *Id*. at 25 (emphasis added). Thus, the ALJ continued to give deference to the previous RFC determination, even though that determination did not account for the "changed circumstances." The error is compounded then by the ALJ's rejection of the treating physicians' opinions, in part, on the basis that they were inconsistent with Dr. Snyder's opinion. *Id*. Moreover, the ALJ's assignment of controlling weight to Dr. Snyder and the rejection of Dr. Franklin are both based in part on their consistency, or lack thereof, with the "record as a whole." *Id*. Regarding Plaintiff's affective disorders,

---

[3] Dr. Snyder listed "anxiety Disorder" as a separate Axis I diagnosis. *AR* at 425-28.

7

there is no other evidence of record (outside of Drs. Snyder, Franklin, and Walser's opinions) other than the previous ALJ decision, thus the ALJ must have relied on the previous ALJ decision.

Moreover, the only other reason given by the ALJ for rejecting Drs. Walser and Franklin's opinions, is that they appeared "to be based in large part upon the claimant's subjective reports." *Id*. at 25. However, as Plaintiff points out: "the Walser/Franklin 2.5 hour evaluation (AR 484) was based on nine separate psycho-diagnostic procedures, including five standardized psychological tests, a clinical interview, a general symptom inventory and a records review. AR 481. The evaluation of Drs. Walser and Franklin also included an extensive report and interpretation of Plaintiff's test scores. AR 484-88." Pl.'s Reply (dkt. 37) at 10. The court finds then that the ALJ's rejection of the treating physicians and the assignment of controlling weight to the consultative examiner was not based on substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (quoting *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983)).

Turning to Plaintiff's assertion that the ALJ erred at Step Two by failing to find Plaintiff's diagnoses of somatic and personality disorders as severe impairments. The Commissioner responds to Plaintiff's assertion by stating that "[t]he only reference to Plaintiff's somatic symptom disorder and personality disorder is found in the 2014 psychological evaluation by Lesleigh Franklin, Ph.D."; and that the ALJ properly rejected Dr. Franklin's opinion. Def.'s Mot. (dkt. 34) at 5. Having established that the rejection of Dr. Franklin's opinion was not supported by substantial evidence, the court also finds that the ALJ erred in not at least addressing Plaintiff's somatic and personality disorders diagnoses at Step Two. This error at Step Two, much like the ALJ's *Chavez* determination, affects the entirety of the sequential determination. *See e.g. Crain v. Berryhill,* No. 16-CV-06292-RMI, 2018 WL 707511, at *4 (N.D. Cal. Feb. 5, 2018); *Richard v. Colvin, No.* C13-6055 RBL, 2015 WL 2085610, at *4 (W.D. Wash. May 5, 2015)("The ALJ's failure to address plaintiff's . . . disorder[s] at Step Two indicates that the ALJ may not have accounted for all of plaintiff's impairments during subsequent steps of the sequential evaluation process.").

Like the *Chavez* court, this court finds that the ALJ's error with regard to the presumption

of continuing non-disability must result in a remand for further proceedings based on Plaintiff's rebuttal of the presumption.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff's amended motion for summary judgment, **DENIES** Defendant's motion for summary judgment, and **REMANDS** this matter for further proceedings in accordance with this Order.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: September 25, 2019

ROBERT M. ILLMAN
United States Magistrate Judge